IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANDREW HAINGAERTNER and
ROBERT J. WALSH                                                                    PLAINTIFFS

v.                                         CASE NO. 5:17-CV-5080

ZHEJIANG SUNSHINE LEISURE
PRODUCTS CO. LTD., a Corporation of
China                                                                              DEFENDANT

WALMART STORES, INC.                                                               GARNISHEE

## OPINION AND ORDER

On September 18, 2018, the Court issued an Order granting Plaintiffs' Motion for Default Judgment. See Doc. 24. That same day, the Court entered Judgment in favor of Plaintiffs and against Defendant in the amount of $23,850. (Doc. 25).[1]

On October 12, 2018, Plaintiffs filed an Application for a Writ of Garnishment alongside a Supplement and a set of two interrogatories. See Docs. 26, 27. The writ was directed to Walmart Stores, Inc. ("Walmart"), as Plaintiffs allege that it is indebted to Defendant and/or was in possession of goods, chattels, monies, credit, or effects belonging to Defendant. (Doc. 27, p. 1). On November 15, 2018, Walmart filed its Answer to the writ and answered "no" to the two interrogatories asking whether it had any monies, goods, chattels, credits, or effects belonging to the Defendant. On the basis of these answers, Walmart asked that the writ of garnishment be quashed. Plaintiffs never filed any objections or denials to Walmart's Answer or its responses to the interrogatories.

---

[1] The Court additionally awarded $465 in costs and $15,000 in attorney's fees.

Therefore, the Court finds sufficient justification exists to dismiss the writ of garnishment and to relieve Walmart from any obligations arising thereunder. *See, e.g.*, *Wyatt Lumber & Supply Co. v. Hansen*, 147 S.W.2d 366, 367 (1940) ("An answer of a garnishee must be taken as "prima facie" true, and if it is not controverted by written denial . . . it will be presumed to be absolutely true."); *Hoxie Lumber Co. v. Chidister*, 184 Ark. 612 (1931) ("Here, there being no denial of the truth of the garnishee's answer, the garnishment was properly dismissed.").

**IT IS THEREFORE ORDERED** that the writ of garnishment (Doc. 29) is dismissed and Walmart is relieved of any obligations arising thereunder.

**IT IS SO ORDERED** on this 30th day of January, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE